UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIEL BOICE,<br>   *Defendant.* | No. 1:20-cr-00167-MSN |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Daniel Boice's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECFs 48, 49). The government opposed the motion (ECF 53), and Defendant filed a reply (ECFs 59-61). Because Defendant has failed to show an extraordinary and compelling reason to reduce his sentence, Defendant's motion is **DENIED**.

**I. BACKGROUND**

On December 3, 2020, Defendant pled guilty to Counts 1 and 6 of a multi-count indictment charging Defendant with wire fraud, in violation of 18 U.S.C. § 1343, and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff. ECF 23 (Plea Agreement). At sentencing, the Court accepted the advisory guidelines as calculated in the Presentence Report (ECF 30), resulting in a total offense level thirty (30) (Criminal History Category I) with an advisory range of 97 to 121 months of imprisonment and ordered restitution in the amount of $18,527,086.25. ECF 30 ¶¶ 144-45.

On March 26, 2021, Defendant was sentenced to concurrent terms of ninety-seven (97) months of imprisonment on each count, followed by three (3) years of supervised release. ECF 37. Defendant reported to FCI Butner Low on July 9, 2021. ECF 46. On May 15, 2024, after serving thirty-four (34) months of his ninety-seven (97) month sentence, Defendant filed the instant motion. ECF 48. The government filed its opposition on October 29, 2024 (ECF 53), and

Defendant filed his reply on December 11, 2024 (ECFs 59-61). Subsequently, Defendant filed two supplemental memoranda in support of his motion. ECFs 62-63. As such, this matter is now ripe for disposition.

## II.     LEGAL STANDARD

Ordinarily, a court may not modify a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). A sentencing court may, however, reduce a prison term for a defendant upon a motion for compassionate release if the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The defendant seeking compassionate release bears the burden of demonstrating "extraordinary and compelling" circumstances. *United States v. Crenshaw*, No. 2:90-CR-117, 2025 WL 618869, at *4 (E.D. Va. Feb. 26, 2025) (citation omitted). In evaluating whether a defendant has presented "extraordinary and compelling reasons," the Court's findings must be consistent with United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b). *See United States v. Davis*, 99 F.4th 647, 754 (4th Cir. 2024). Section 1B1.13(b), as amended in November 2023, enumerates an exhaustive list of categories that the Court may rely upon in its compassionate release analysis: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse; (5) other reasons[1]; and (6) whether the defendant was sentenced to an unusually long sentence. U.S.S.G. §§ 1B1.13(b)(1)-(6).

## III.    ANALYSIS

### A.     Failure to Exhaust Administrative Remedies

---

[1] "Other reasons" may include "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B1.13(b)(5).

Where a defendant has failed to first exhaust administrative remedies with the Bureau of Prisons ("BOP") under § 3582(c)(1)(A), the court lacks authority to grant a sentence modification under that provision. *See United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020); *but see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (holding that threshold exhaustion of administrative remedies is "non-jurisdictional."). Here, Defendant claims to have submitted a "Request For Compassionate Release" to Warden Heckard, attaching this request as Exhibit 10 to his motion. ECF 49-2 at 79-81. However, the government represents that the BOP has no record of receipt of these documents, and Defendant does not attach a notice or record of denial from the Warden.[2] ECF 53 at 4. Accordingly, the record is unclear whether Defendant has in fact exhausted all administrative remedies required to request relief under § 3582(c)(1)(A). Nonetheless, even if he has properly exhausted his claims, Defendant's motion fails on the merits.

### B.     Motion for Compassionate Release

Defendant requests that the Court both reduce his sentence to time served and adjust his terms of release to allow for home confinement based on extraordinary and compelling circumstances. Defendant's motion, reply, and supplemental memoranda advance three relevant arguments in support of his claim that extraordinary and compelling circumstances are present: (1) that COVID-19 and other infectious diseases present an extraordinary risk given his underlying health issues; (2) that his medical needs are not able to be met by the BOP; and (3) that his unmet medical needs, systemic neglect, and "misaligned" placement at a low security facility combine to create an extraordinary and compelling reason under the sentencing guideline's catchall provision, U.S.S.G. 1B1.13(b)(5).

---

[2] If the BOP does not act on a defendant's request within 30 days, then a defendant has effectively satisfied the administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). So, if Defendant did submit his request, a written denial from the Warden would not be required.

Defendant has not met his burden to show extraordinary and compelling reasons to warrant a reduction in his sentence. The record contradicts many of Defendant's characterizations of risk, and the record reflects that his medical needs are being adequately managed by the BOP. Therefore, his motion is denied.

### 1. Defendant Fails to Show Particular Vulnerability to COVID-19 and Other Infectious Diseases.

Defendant argues that, given his underlying health conditions, he is exceedingly vulnerable to contracting COVID-19 and other infectious diseases and would face potentially fatal outcomes. ECF 49 at 3; ECF 49-1 at 22. Further, Defendant characterizes FCI Butner Low as the site of "mass outbreaks" of COVID-19 and other infectious diseases. ECF 49-1 at 33. However, Defendant's assertions fail because they are not supported by the evidence.

For claims resting on risks posed by the COVID-19 pandemic, the Court may find "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Reams*, 847 F. App'x 199, 199 (4th Cir. 2021) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). Defendant fails to satisfy either of these prongs.

First, Defendant fails to establish a particularized susceptibility to COVID-19. Defendant heavily relies on his assortment of medical issues as grounds for compassionate release. This assortment includes "no right kidney, no spleen, high blood pressure, high cholesterol, enlarged prostate" and idiopathic thrombocytopenic purpura ("ITP"), a chronic blood disorder. ECF 49-2 at 79. Defendant's ITP and lack of kidney and spleen were known to the Court and were considered at the time of sentencing. ECF 30 at 24.

A review of Defendant's medical records shows that his high blood pressure and high cholesterol have been consistently managed by medication while incarcerated. ECF 55 at 130. Defendant attends routine preventative health visits with BOP medical personnel and receives care through the Chronic Care Clinic. *Id.* At each check-up catalogued in his medical records, Defendant reported normal renal function despite his single kidney and reported being asymptomatic as to his ITP. *Id.* at 24, 65, 70, 112, 132. And at 46-years-old, Defendant is not old enough to be at risk of complications that result from advanced aging. *Respiratory Viruses and Older Adults*, CDC (Dec. 3, 2024), https://www.cdc.gov/respiratory-viruses/risk-factors/older-adults.html ("Most deaths from respiratory viruses occur in people older than 65, with risk increasing sharply with advancing age.").

Further, Defendant's medical records show that Defendant has been vaccinated against COVID-19 and influenza several times during his incarceration. ECF 55 at 2-4. Additionally, when Defendant contracted COVID-19 in 2023, he remained asymptomatic and made a speedy recovery. ECF 55 at 5, 7, 28-39. The record indicates that Defendant's chronic medical needs are being managed by the BOP and his vaccinated status makes him significantly less likely to experience severe symptoms, contravening Defendant's allegations of particularized susceptibility. *See Martinez v. United States*, No. 2:13-CR-122, 2021 WL 5139496, at *3 (E.D. Va. Nov. 3, 2021); *United States v. Smith*, No. 2:19-cr-127, 2023 WL 3901797, at *4 (E.D. Va. Jun. 8, 2023).

Second, Defendant fails to establish a particularized risk at his prison facility, FCI Butner Low. As of January 21, 2025[3], FCC Butner had only two active inmate cases of COVID-19. *Inmate COVID-19 Data*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last accessed Jul. 10, 2025). This number represents cases

---

[3] This is the most recent COVID-19 data made available by the BOP.

across the entire correctional complex, including Defendant's placement and three other facilities. Defendant's representation that "almost every inmate within the open dorm is sick" is unsupported by the evidence. ECF 49-1 at 26.

Because Defendant has not demonstrated that he has a particularized susceptibility to COVID-19 or a particularized risk of contracting it at his facility, the Court concludes that the risks posed by COVID-19 and other infectious diseases do not constitute extraordinary and compelling circumstances warranting relief at this time.

### 2. Defendant Has Received Adequate Medical Care.

Relatedly, Defendant argues that the BOP is unable to provide adequate medical care for his chronic healthcare issues—ITP, high blood pressure, high cholesterol, absent right kidney, absent spleen, enlarged prostate. ECF 49-1 at 8, 11. However, his medical records show that Defendant is receiving adequate medical care; therefore, his medical conditions fail to constitute an extraordinary and compelling reason for reduction.

The revised sentencing policy statement § 1B1.13(b)(1) contains the criteria under which medical circumstances of a defendant may constitute extraordinary and compelling circumstances. These criteria include when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Defendant argues that staff shortages and systemic defects in the medical system at FCI Butner Low render him unable to access adequate care "to a standard that he would have available if within the community while on monitored home confinement." ECF 49-1 at 11. However, Defendant's medical records show that he receives blood testing twice per year to monitor his ITP, receives regular care from the Chronic Care Clinics, and has consulted with specialists in Hematology. ECF 55 at 68, 112, 130. Defendant is therefore not "at risk of serious deterioration

6

in [his] health or death" based on the medical care he is receiving from the BOP. *See United States v. Purpera*, No. 7:18-CR-00019, 2024 WL 329541, at *3 (W.D. Va. Jan. 29, 2024).

While the Court does not minimize the seriousness of Defendant's chronic conditions, his medical records demonstrate that he has received regular and effective medical attention for these illnesses. Defendant has failed to establish that the BOP cannot adequately manage his medical needs, and chronic conditions that can be managed in prison are not a sufficient basis for compassionate release. *United States v. Smith*, No. 3:15-CR-101, 2021 WL 3641463, at *3 (E.D. Va. Aug. 17, 2021). Accordingly, the Court does not find that Defendant's health concerns are extraordinary and compelling under § 3582(c)(1)(A).

### 3. Defendant Doesn't Qualify for the Catchall Provision.

Lastly, Defendant argues that inadequate access to medical care, systemic neglect, and his placement in a low security facility combine to create an extraordinary and compelling reason for reduction. *See* ECF 48 at 5; ECF 61-1 at 1-3; ECF 62-1 at 2-5. However, he cites no authority to substantiate this argument.[4]

The catchall provision allows the defendant to present "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5) (paragraphs (1) through (4) include medical circumstances, age of the defendant, family circumstances, and victim of abuse).

---

[4] Not only does Defendant fail to cite relevant authority to support his argument, his reply and supplemental memorandum are rife with misleading characterizations of legal authority and fabricated caselaw, indicating the potential use of AI in the drafting of these documents. When filing in this Court, litigants certify that the information contained within the motion is true and correct to the best of their understanding. All litigants, *pro se* and practitioners, must ensure that the legal authority they cite actually exists and is properly characterized in all filings.

7

Defendant makes several allegations of systemic neglect and staff misconduct, mostly relying on news articles detailing issues in other BOP facilities without specifying their impact on Defendant. ECF 61-1 at 3; ECF 62-1 at 5. These general allegations do not provide any basis for the Court to reduce Defendant's sentence. Defendant also alleges misconduct against one corrections officer at FCI Buter Low, specifically that the officer fabricated "a serious infraction against Defendant" and Defendant has subsequently faced retaliation and intimidation. ECF 61-1 at 19-21. However, to the extent Defendant believes his rights have been violated, a § 3582(c)(1)(A) motion is not the proper avenue to pursue relief. *See* § 1B1.13(b) (Only recognizing sexual or physical abuse by or at the direction of a correctional officer to constitute an extraordinary and compelling reason for reduction).

As to "misaligned" placement, Defendant submits that despite the sentencing judge's recommendation for minimum-security placement, Defendant has instead been placed at a low security facility. ECF 61-1 at 2. Additionally, Defendant argues his custody classification score is in the minimum-security range, making his current placement improper. *Id.* at 15. However, recommendations of the sentencing court and the prisoner's security designation are only two of several factors considered by the BOP when designating a prisoner's placement. 18 U.S.C. § 3621(b). The authority to weigh these factors is invested in the BOP, not this Court. *Id.* Even so, Defendant's placement in a low security facility certainly does not accord the gravity necessary to establish an extraordinary and compelling reason for release on home confinement.

And as stated at length above in §§ 1-2, the Defendant's medical conditions are being adequately managed by the BOP and do not raise the combination of these circumstances to "extraordinary and compelling." Since these arguments fail to avail Defendant of the §

8

1B1.13(b)(5) catchall provision, Defendant fails to show an extraordinary and compelling reason to reduce his sentence.[5]

IV.     **CONCLUSION**

The Court finds that Defendant has not met his burden of showing an extraordinary and compelling reason for compassionate release. Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Reduce Sentence (ECF 48) is **DENIED.**

**ORDERED** that Defendant's Motion to Appoint Counsel (ECF 51) is **DENIED.**

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 23, 2025
Alexandria, Virginia

---

[5] Having determined that Defendant has failed to present "extraordinary and compelling" reasons warranting compassionate release, the Court need not consider the sentencing factors under 18 U.S.C. § 3553(a).